IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01476-DME-MJW

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and
THE TRAVELERS INDEMNITY COMPANY,

Plaintiff(s),

v.

PDB SPORTS, LTD. d/b/a DENVER BRONCOS,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

It is hereby **ORDERED** that Defendant PDB Sports' Motion for Leave to File Its First Amended Answer and Counterclaims to First Amended Complaint (docket nos. 69, 70 and 72) and Plaintiffs' Motion for Leave to Amend Answer to Defendant's Counterclaims (docket no. 81) are both **GRANTED** for the reasons stated in the subject motions (docket nos. 69, 70, 72 and 81) and, in the interest of justice as outlined in Fed. R. Civ. P. 15(a)(2).

The Amended Answer and Counterclaims to First Amended Complaint and Plaintiff's Amended Answer to Defendant's Counterclaims may be filed as of the date of this minute order. As to Plaintiffs' futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. 2008). In the General Steel case, Judge Ebel stated, in pertinent part: "... Defendants' [Plaintiffs'] futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants [plaintiffs] may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."

It is **FURTHER ORDERED** that Plaintiffs' Motion to Restrict Access to Documents Filed in Support of Plaintiffs' Response to Defendant's Motion to Compel

and Request for Fed. R. Civ. P. 26(b)(5)(B) Ruling on Travelers' Inadvertent Production Claim (docket no. 83) is **GRANTED** for the reasons stated the subject motion (docket no. 83). Moreover, this court finds that good cause has been demonstrated by Plaintiffs for a Level 1 restriction level.  Accordingly, the Plaintiffs' Privilege Logs (exhibit 15), attached to Plaintiffs' Response to Defendant's Motion to Compel and Request for Fed. R. Civ. P. 26(b)(5)(B) Ruling on Travelers' Inadvertent Production Claim [docket no. 55] (docket no. 84), shall be restricted at the Level 1 restriction level pursuant to D.C.COLO.LCivR 7.2 (B)(5).

Date:   April 3, 2012